IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE JAMES GAINES, JR. )<br>　　　　　　　　　　　　　　　)<br>　　　Plaintiff, 　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　v. 　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>ANTHONY HEDGPETH, et al, 　　)<br>　　　　　　　　　　　　　　　)<br>　　　Defendants. 　　　　　　　)<br>　　　　　　　　　　　　　　　) | No. C 09-2034 JSW (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(Docket No. 2) |

Plaintiff, a prisoner of the State of California currently incarcerated at Salinas Valley State Prison in Soledad, California, has filed this civil rights complaint seeking leave to proceed in forma pauperis. Plaintiff's motion to proceed in forma pauperis is granted in a separate order issued simultaneously (docket no. 2). In this order the Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismisses the complaint with leave to amend within thirty days.

**DISCUSSION**

I       Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be

liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II <u>Legal Claims</u>

Plaintiff complains about the dental treatment he has received since 2006. Specifically, Plaintiff complains that he suffers from severe pain in his gums and requires a nutritional supplement, which he has not received. Plaintiff also complains about his overall dental care, but the complaint does not identifies which individual or individuals are responsible, instead complaining repeatedly that "the defendants" have subjected him to inadequate care in violation of the Eighth Amendment.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the

2

existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *See id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)). Serious medical needs may include dental and mental health care. *See Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) (mentally ill prisoner may establish unconstitutional treatment by showing that officials have been deliberately indifferent to his serious medical needs); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates).

      A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

      A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). In this case, Plaintiff has failed to state the specifics regarding his dental condition, what he contends constitutes deliberate indifference, whether he suffered any injury as a result, and the conduct of each Defendant that he asserts is responsible for a constitutional violation. Plaintiff must specifically identify what each named Defendant did or did not do that he alleges constitutes deliberate indifference to his serious medical needs.

      Moreover, with regard to Defendant Grannis, Plaintiff is advised that there is no constitutional right to a prison administrative appeal or grievance system. *See Mann v.*

1 *Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Garfield v. Davis*, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983); *accord Wolff v. McDonnell*, 418 U.S. 539, 565 (1974) (accepting Nebraska system wherein no provision made for administrative review of disciplinary decisions).

California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (same); *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (same). A prison official's failure to process grievances, without more, accordingly is not actionable under § 1983. *See Buckley*, 997 F.2d at 495. Plaintiff has not specifically identified what it is that he contends Defendant Grannis did to violate his constitutional rights. Therefore, Plaintiff's claim against Grannis is dismissed with leave to amend, if he can do so in good faith.

Accordingly, the complaint is DISMISSED for failure to comply with Rule 8(a)(2). Having been advised what he must due to cure this deficiency, Plaintiff may AMEND his complaint, as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above. Plaintiff shall file an amended complaint within *thirty days from the date of this order*. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page. Failure to amend within the designated time will result in the dismissal of the complaint without prejudice.

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: October 2, 2009

JEFFREY S. WHITE
United States District Judge

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE J GAINES JR,<br><br>    Plaintiff,<br><br>  v.<br><br>ANTHONY HEDGPETH et al,<br><br>    Defendant.      / | Case Number: CV09-02034 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 2, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leslie James Gaines Prisoner Id T-42948
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

Dated: October 2, 2009

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk